UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>Matthew C. Devlin,<br>Jamil A. Bouchareb,<br>Daniel A. Corbin,<br>Frederick E. Bowers,<br>Thomas Faulhaber,<br>Eric A. Holzer,<br>Jeffrey R. Glover,<br>Corbin Investment Holdings, LLC; and<br>Augustus Management, LLC,<br><br>                                 Defendants<br><br>Maria T. Checa,<br>Lee H. Corbin; and<br>Checa International, Inc.<br><br>                                 Relief Defendants. | C.A. No.08-11001 (ALC) |

### CONSENT OF MATTHEW C. DEVLIN

1.  Defendant Matthew C. Devlin ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Matthew C. Devlin,* Crim. No. 1:08-cr-01307 (WHP) (S.D.N.Y.), Defendant pleaded guilty to a criminal information charging him with four counts of conspiracy to commit securities fraud and one count of securities fraud by tipping others with material, nonpublic information about the securities of Invision Technologies, Inc., Eon Labs, Inc., Mylan Laboratories, Inc., Abgenix,

Inc., Aztar Corp., Veritas DGC, Inc., Mercantile Bankshares, Corp., Alcan, Inc., Ventana Medical Systems, Inc., Pharmion, Corp., Take-Two-Interactive Software, Inc., Rohm and Haas Co. and Anheuser-Busch Co. in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §§ 240.10b-5 and 240.10b5-2]. In connection with his guilty plea, Defendant admitted knowing his conduct was illegal and wrong and:

Count One
(Coconspirators Jamil A. Bouchareb, Daniel A. Corbin and Frederick E. Bowers)

(a) From in or about February 2005 through in or about August 2008, Defendant obtained material nonpublic information from his wife's firm and provided this information to his coconspirators so they could trade securities;

(b) Defendant's coconspirators knew Defendant had obtained the material nonpublic information from his wife's firm; and

(c) Defendant received money and other benefits from his coconspirators in return for the material nonpublic information he provided.

Count Two
(Coconspirator Eric A. Holzer)

(d) From in or about March 2004 through in or about December 2005, Defendant agreed with his coconspirator, a tax attorney, to provide him with material nonpublic information so he could trade securities;

(e) Defendant obtained the material nonpublic information from his wife's firm and his coconspirator knew Devlin had obtained the material nonpublic information from his wife's firm; and

(f) Defendant received money from his coconspirator in exchange for providing material nonpublic information to him.

Count Three
(Coconspirators Frederick E. Bowers and Thomas Faulhaber)

(g) From in or about December 2005 through in or about December 2007, Defendant agreed with his coconspirators to give them material nonpublic information which Defendant had obtained from his wife's firm;

(h) Defendant's coconspirators knew Defendant had obtained the material nonpublic information illegally from his wife's firm; and

(i) One of Defendant's coconspirators gave Defendant money in exchange for providing material nonpublic information.

Count Four
(Coconspirator Jeffrey R. Glover)

(j) From in or about March 2004 through in or about April 2006, Defendant agreed with his coconspirator to give him material nonpublic information which Defendant had obtained from his wife's firm;

(k) Defendant's coconspirator knew Defendant had obtained the material nonpublic information from Defendant's wife's firm; and

(l) Defendant received benefits from his coconspirator in exchange for the material nonpublic information defendant had provided.

Count Five
(Coconspirators Jamil A. Bouchareb and Daniel A. Corbin)

(m)   Defendant gave individuals material nonpublic information about a potential acquisition of Ventana Medical Systems, Inc. which allowed the individuals to buy stock in that company before it was purchased by another firm;

(n)   Defendant had obtained the nonpublic information from his wife's firm; and

(o)   The individuals who received the nonpublic information about a potential acquisition of Ventana Medical Systems, Inc. knew Defendant had obtained the information illegally from Defendant's wife's firm.

This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Matthew C. Devlin,* Crim. No. 1:08-cr-01307 (WHP) (S.D.N.Y.).

3.   Defendant hereby consents to the entry of the Judgment in the form attached hereto and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Sections 10(b) and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78n(e)] and Rules 10b-5 and 14e-3 promulgated thereunder [17 C.F.R. §§ 240.10b-5 and 240.14e-3]

4.   Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from July 10, 2008, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further

agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a

sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at

depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 10-16-2012

_____
Matthew C. Devlin

On October 16, 2012, Matthew Devlin a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Mary E. Mulligan, Esq.
Friedman Kaplan Seiler & Adelman, LLP
7 Times Square
New York, N.Y. 10036-6516

CHARLES ENLOE
Notary Public, State of New York
No. 02EN6254321
Qualified in Bronx County
Commission Expires 01/17/2016